**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5271**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL JAMES CRENSHAW,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry F. Floyd, District Judge. (8:05-cr-1278)

---

Submitted: May 25, 2007

Decided:  July 6, 2007

---

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell Barnes Cauthen III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel James Crenshaw pled guilty pursuant to a plea agreement to possessing a firearm and ammunition, having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C.A. §§ 922(g)(9) and 924(a)(2) & (e), and possession of a firearm silencer not registered to him in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The district court sentenced him to fifteen months in prison. Crenshaw appealed, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal but discussing the adequacy of the Fed. R. Crim. P. 11 hearing and the reasonableness of his sentence. Crenshaw was informed of his right to file a pro se supplemental brief; however, he has not done so. Finding no reversible error, we affirm.

Because Crenshaw did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). We conclude the district court fully complied with the mandates of Rule 11 in accepting Crenshaw's guilty plea.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence to determine whether the district court has correctly calculated the advisory guidelines range and has

considered the range, as well as the factors set out § 3553(a), and whether the sentence is reasonable. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). A sentence within the properly calculated advisory guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We conclude Crenshaw's sentence was presumptively reasonable because the district court sentenced him to the lowest sentence within the correctly calculated guidelines range and below the statutory maximum after considering the factors in § 3553(a).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Crenshaw's conviction and sentence. This court requires that counsel inform Crenshaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Crenshaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crenshaw.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -